UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

DEC 15 2008

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

CHERYL B. DELAPENA,

        Plaintiff,

v.                               ACTION NO. 2:08cv204

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Cheryl B. Delapena ("Delapena"), brought this action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of the final decision of Defendant, the Commissioner of Social Security ("Commissioner"), denying her claim for disability insurance benefits ("DIB") under the Social Security Act (the "Act").[1]

This action was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), by Order of Referral filed July 21, 2008. For the reasons expressed herein, the Court recommends that the Commissioner's decision be REVERSED and the case REMANDED for rehearing pursuant to sentence four of 42 U.S.C. § 405(g).

## I. PROCEDURAL BACKGROUND

On July 15, 2002, Delapena filed an application for DIB

---

[1]Delapena did not file an accompanying application for supplemental security income ("SSI").

alleging an onset of disability on April 15, 1996, due to multiple impairments from progression of previously existing conditions. (R.[2] 74-76).  Delapena's application was denied by the Social Security Administration initially on November 18, 2002 (R. 37-39), and upon reconsideration on July 25, 2006 (R. 60-63).[3]  On August 16, 2006, Delapena requested a hearing before an Administrative Law Judge ("ALJ") of the Social Security Administration.  (R. 31-34). The hearing was held before the ALJ on September 14, 2006 (R. 27-30).  Delapena, who was not represented by counsel at the hearing, and her daughter, Michelle Hardy, testified.  (R. 19).  On October 17, 2006, the ALJ issued a decision (R. 19-26) which found that Delapena had the residual functional capacity to perform her past relevant work as a registered nurse/quality assurance specialist from April 15, 1996, the alleged onset date of Delapena's disability, through December 15, 2001, Delapena's date last insured.  (R. 19-26).  Therefore, Delapena was deemed to be not disabled and to be ineligible for DIB.  (R. 26).  On December 10,

---

[2]"R." refers to the transcript of the administrative record of proceedings relating to this case.

[3]   The   record   demonstrates   that   Delapena   requested reconsideration of her claim at least twice before her June 9, 2006 request.   (R. 40-59).   Despite demonstrating that the earlier requests were delivered to, and accepted by, the appropriate Social Security Administration office, the Social Security Administration initially could find no record of the requests.  Id.  The Social Security Administration made a special determination that good cause was shown for a late filing of a request for reconsideration and allowed Delapena to go forward with her claim.  (R. 59).

2006, Delapena requested review the ALJ's decision by the Appeals Council fo the office of Hearing and Administration ("Appeals Council").   (R. 14-15).[4]   On March 3, 2008, the Appeals Council denied Delapena's request for review.   (R. 7-9).

Delapena brought the instant action seeking judicial review of the decision of the Commissioner denying her claim for DIB. Delapena filed the instant complaint on May 1, 2008 which the Defendant answered on June 30, 2008.[5]  Delapena filed a motion for summary judgment with a memorandum in support on August 19, 2008. Defendant filed a motion for summary judgment with a memorandum in support on September 22, 2008.  The Court received no response from Delapena to Defendant's motion for summary judgment.  As neither counsel in this case has indicated special circumstances requiring oral argument in this matter, the case is deemed submitted for decision based on the memoranda.

## II. FACTUAL BACKGROUND

Delapena was born December 29, 1947—she was fifty-eight years

---

[4] In her request for review of the ALJ's decision, Delapena also requested an extension of time in which to gather and file additional evidence. (R. 14). By letter dated April 30, 2007, the Office of Disability Adjudication and Review granted the extension. (R. 12-130.)  On March 3, 2008, the Appeals Council noted that it received additional evidence in Delapena's case. (R. 10-11).

[5] Defendant also moved for an Order sealing the administrative record, which was unopposed.  The Court issued its Order granting the motion on July 21, 2008.

old at the time of the ALJ hearing. (R. 85).[6] Delapena has a high
school education and completed two years of college.   (R. 99).
Delapena's past relevant work includes employment as a registered
nurse, visiting nurse, and case manager.   (R. 94).   In her past
work, Delapena primarily managed patient care which required
prolonged sitting, a substantial amount of writing or typing, and
occasional walking or standing.   (R. 94).

Delapena alleges that her physical impairments - angina,
hypertension, degenerative disc disease, and seizure disorder -
caused her to become disabled and unable to work as of April 15,
1996.   (R. 90).   Delapena has not engaged in substantial gainful
activity since that date.   (R. 90).

### III. <u>STANDARD FOR SUMMARY JUDGMENT</u>

Under Rule 56 of the Federal Rules of Civil Procedure, summary
judgment should be granted only if "there is no genuine issue as to
any material fact and the . . . moving party is entitled to
judgment as a matter of law."   Fed. R. Civ. P. 56(c).   For the
evidence to present a "genuine issue of material fact," it must be
"such that a reasonable jury could return a verdict for the non-
moving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248
(1986).   Facts are deemed material if they might affect the outcome

---

[6] The ALJ did not question Delapena on the record as to her
age, education, or background, instead relying on the record as it
was submitted in to evidence.   (R. 707).   Delapena's age is,
therefore, calculated from her date of birth as recorded on the
Field Office Disability Report (R. 85-88).

of the case.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).  In other words, the moving party's submission must foreclose the possibility of the existence of facts from which it would be open to a jury to make inferences favorable to the non-movant.  <u>Id.</u>

In deciding a summary judgment motion, the Court must view the record as a whole and in the light most favorable to the non-moving party.  <u>Terry's Floor Fashions, Inc. v. Burlington Indus., Inc.</u>, 763 F.2d 604, 610 (4th Cir. 1985).  "If, however, 'the evidence is so one-sided that one party must prevail as a matter of law,' we must affirm the grant of summary judgment in that party's favor."  <u>O'Connor v. Consol. Coin Caterers Corp.</u>, 56 F.3d 542, 545 (4th Cir. 1995) (quoting <u>Anderson</u>, 477 U.S. at 251-52).  Moreover, summary judgment must be granted where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial," <u>Celotex</u>, 477 U.S. at 322, as the non-moving party is required to "set forth specific facts showing that there is a genuine issue for trial" with respect to that element.  Fed. R. Civ. P. 56(e).

When confronted with cross-motions for summary judgment, " the standards upon which the Court evaluates the motions for summary judgment do not change simply because the parties present cross-motions."  <u>Taft Broad. Co. v. United States</u>, 929 F.2d 240, 248 (6th Cir. 1991).  "[T]he Court must review each motion separately on its

5

own merits 'to determine whether either of the parties deserves judgment as a matter of law.'" Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (quoting Philip Morris Inc. v. Harshbarger, 122 F.3d 58, 62 n.4 (1st Cir. 1997)).

## IV. STANDARD FOR REVIEW OF THE COMMISSIONER'S DETERMINATION

The Commissioner ultimately held that Delapena was not under a disability within the meaning of the Social Security Act as of December 31, 2001, the date on which her disability insurance status expired.   Under 42 U.S.C. § 405(g), the scope of judicial review of the Commissioner's final decision is specific and narrow. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).   This Court's review of that decision is limited to determining whether there is substantial evidence in the administrative record to support the Commissioner's decision.   42 U.S.C. § 405(g); Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam); Hays v. Sullivan, 907 F.2d 1453 (4th Cir. 1990).   Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Hunter, 993 F.2d at 34 (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)) It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.   Id. (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

The Commissioner has the duty to make findings of fact and resolve conflicts in the evidence.   Hays 907 F.2d at 1453 (citing

King v Califano, 599 F.2d 597, 599 (4th Cir. 1979)). The Court does not conduct a de novo review of the evidence nor of the Commissioner's findings. Schweiker, 795 F.2d at 345. In reviewing for substantial evidence, the Court does not undertake to re-weigh conflicting evidence, to make credibility determinations, or to substitute its judgment for that of the Commissioner. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)(citing Hays, 907 F.2d at 1456). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Commissioner (or on the Commissioner's designate, the ALJ)." Craig, 76 F.3d at 589 (quoting Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). The denial of benefits will be reversed only if no reasonable mind could accept the record as adequate to support the determination. Richardson v. Perales, 402 U.S. 389, 401 (1971). The issue before this Court, therefore, is not whether Delapena is disabled, but whether the Commissioner's finding that Delapena is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. See id.; Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987) ("[A] factual finding by an [ALJ] . . . is not binding if it was reached by means of an improper standard or misapplication of law.").

## V. ANALYSIS

The Social Security Regulations define "disability" for the

7

purpose of obtaining disability benefits under Title II of the Act
as the:

> inability to do any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment[7] which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

20 C.F.R. §§ 404.1505(a), 416.905(a); <u>see also</u> 42 U.S.C. §
423(d)(1)(a).   To meet this definition, the claimant must have a
severe impairment that makes it impossible to do previous work or
any other substantial gainful activity[8] that exists in the national
economy.   20 C.F.R. §§ 404.1505(a), 416.905(a); <u>see also</u> 42 U.S.C.
§ 423(d)(2)(A).

### A. <u>Sequential Disability Analysis</u>

The Commissioner follows a five-step sequential analysis to
ascertain whether the claimant is disabled, which is set forth at
20 C.F.R. §§ 404.1520 and 416.920.   <u>See</u> <u>Hall v. Harris</u>, 658 F.2d
260, 264-65 (4th Cir. 1981).   Under this process, the ALJ must
determine in sequence:

(1)   Whether the claimant is engaged in substantial gainful
activity (i.e., whether the claimant is working).   If so,

---

[7] A "physical or mental impairment" is an impairment resulting
from "anatomical, physiological, or psychological abnormalities
which are demonstrable by medically acceptable clinical and
laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

[8] "Substantial gainful activity" is work that (1) involves
performing significant or productive physical or mental duties, and
(2) is done (or intended) for pay or profit.   20 C.F.R. §§
404.1510, 416.910.

the claimant is <u>not</u> disabled and the inquiry is halted.

(2)   Whether the claimant has a severe impairment.  If not, the claimant is <u>not</u> disabled and the inquiry is halted.

(3)   Whether the impairment meets or equals the medical criteria of 20 C.F.R., Part 404, Subpart P, Appendix 1, which sets forth a list of impairments that warrant a finding of disability without considering vocational criteria.  If so, the claimant <u>is</u> disabled and the inquiry is halted.

(4)   Whether the impairment prevents the claimant from performing past relevant work.  If not, the claimant is <u>not</u> disabled and the inquiry is halted.

(5)   Whether the claimant is able to perform any other work considering both his residual functional capacity[9] and his vocational abilities.  If so, the claimant is <u>not</u> disabled.

## 1. <u>Steps One Through Three: Gainful Employment and Severity of Impairment Analysis</u>

In the instant case, the ALJ reached the fourth step of the sequence, at which point he determined that Delapena was not disabled.  The ALJ first determined in step one that Delapena had not engaged in substantial gainful employment at any time on or

---

[9]"Residual functional capacity" is the most a claimant can do in a work setting despite the physical and mental limitations of his impairment and any related symptoms (e.g., pain).  <u>See</u> 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

subsequent to the alleged onset date of April 15, 1996. (R. 21). The ALJ next found in step two that Delapena had four severe impairments: angina, hypertension, degenerative disc disease, and seizure disorder.[10] (R. 21). At step three, the ALJ found that Delapena did not have an impairment or combination of impairments listed in, or medically equal to, one of the impairments listed in Appendix 1, Subpart P, Social Security Regulations No. 4. (R. 22).

## 2. RFC Determination

Prior to steps four and five, the ALJ was required to determine Delapena's residual functional capacity ("RFC"), which is defined as "the most an individual can still do after considering the effects of physical or mental limitations that affect the ability to perform work-related tasks." 20 C.F.R. §§ 404.1545, 416.945; Social Security Rulings 93-2p, 96-5p, and 96-6p. This included the ALJ's evaluation of the objective medical evidence in the record, including the findings of treating and other conslutative physicians. (R. 23-26). The ALJ also considered Delalpena's hearing testimony. (R. 23). Based on the evidence as a whole, the ALJ determined that, as of December 31, 2001, the date

---

[10] The ALJ considered additional conditions alleged by Delapena to be impairments, including cognitive dysfunction and depression, which the ALJ determined to be nonsevere "because they did not exist for a continuous period of twelve months, were responsive to medication, did not require any significant medical treatment, or did not result in any continuous exertional or nonexertional functional limitations." (R. 21-22). See generally Soc. Sec. Ruling 85-28.

10

Delapena's disability insurance coverage expired, Delapena retained the RFC "to perform sedentary work." (R. 23). The ALJ further stated that Delapena "could lift 10 pounds occasionally and frequently; sit for 6 hours in an 8-hour day; stand and walk for 2 hours in an 8-hour day; and perform occasional postural activities." (R. 25).

### a. Claimant's Testimony

In reaching a conclusion about Delapena's RFC, the ALJ gave consideration to Delapena's testimony. The ALJ noted in his opinion that Delapena believed her impairments to be the result of a toxic dye contamination during a 1984 lumbar myelogram. (R. 23). The ALJ also noted Delapena's testimony that she got lost when driving, spent an inordinate amount of time making decisions, and was in constant pain but did not like to take pain medications. (R. 23).

The ALJ found that Delapena's "medically determinable impairments could have been reasonably expected to produce the alleged symptoms, but that [Delapena's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible in light of the evidence showing abatement of her symptoms with medication and treatment." (R. 23).

11

### b. Review of the Medical Record

In reaching a conclusion about Delapena's RFC, the ALJ also considered the records and opinions of various physicians and other medical sources. In particular, the ALJ referred to: 1) a visit to Dr. Prabodh Kapila in January 1989; 2) a visit to Dr. Patrick Kilhenny in April 2003; 3) hospital records from March 1996; 4) records from Dr. Yusoof Hamuth, Delapena's treating physician; 5) a visit to Dr. William DeLacey in January 2001; and 6) a medical source statement dated after Delapena's date last insured. (R. 23-25).

The ALJ also considered, pursuant to Social Security Ruling 96-6p, the state agency findings of fact about the nature and severity of Delapena's impairments. (R. 25). In its Residual Functional Capacity Assessment, completed on July 21, 2006, the Disability Determination Services ("DDS") found that Delapena had the RFC to perform light work.[11] [12] (R. 548-54). Specifically the

---

[11] Light work is defined at 20 C.F.R. § 404.1567(b) as "work that involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." Additionally, work falls within this category if it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. Id. One capable of performing light work is capable of performing sedentary work "unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." Id.

[12] The ALJ stated in his decision that the DDS found Delapena capable of doing only sedentary work. (R. 25). However, the Physical Residual Functional Capacity Assessment clearly reflects the DDS's conclusion that Delapena is capable of doing light work.

DDS found Delapena was capable of standing and walking at least two (2) hours in an eight-hour day, sitting up to six (6) hours in an eight-hour day, lifting up to ten (10) pounds occasionally and frequently, without any push/pull limitations. (R. 549). Further, the DDS found that Delapena should not engage in any activity that required balancing and that she should avoid exposure to extreme cold and heat, as well as fumes, odors, dusts, gases, etc. (R. 550-51). The state agency also determined that Delapena did not have medically determinable psychological impairments. (R. 535). Specifically, the state agency found that "[Delapena's] allegations of depression, cognitive dysfunction and decision making difficulties are not a medically determinable impairment. [Delapena's] allegations are not credible." (R. 547).

Based on the above, the ALJ determined that while Delapena's angina, hypertension, degenerative disc disease, and seizure disorder were severe impairments, "these impairments were not attended, singly or in combination, with the specific clinical signs and diagnostic findings required to meet or equal the requirements set forth in the Listing of Impairments, Appendix 1 to Subpart P, 20 C.F.R. Part 404." (R. 22).

### 3. Step Four: Past Relevant Work

The ALJ found in Step Four that Delapena's medical condition did not prevent her from returning to her past relevant work as a

Id.

registered nurse. (R. 26). This determination was based on Delapena's description of the work she typically performed as a registered nurse/quality assurance specialist as sedentary work. (R. 26, 136-41). Accordingly, the ALJ did not, and was not required to, perform the analysis at step five.[13]

## B. The ALJ's Conclusion is Unsubstantiated Due to His Failure to Explicitly Assign Weight to Delapena's Physicians' Medical Opinions

The ALJ erred by failing to properly consider the medical opinions of Delapena's physicians in concluding that Delapena had the RFC to perform sedentary work and the work of her previous employment as a registered nurse/quality assurance specialist.

### 1. Requirement that ALJ Assign Weight to Medical Opinions

Pursuant to 20 C.F.R. § 416.927(f)(2)(ii), the ALJ is required to "explain in the decision the weight given to . . . any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for [the Social Security Administration]."

---

[13] It is the claimant who bears the initial burden of proving the existence of a disability, which includes the first four steps fo the sequential disability analysis. 42 U.S.C. § 423(d)(5); 20 C.F.R. § 416.912; Smith v. Califano, 592 F.2d 1235, 1236 (4th Cir. 1979). At step four of the analysis the claimant bears the burden to prove that he is unable to perform his past relevant work. 20 C.F.R. § 416.912; Kennedy v. Heckler, 739 F.2d 168, 171 (4th Cir. 1984). The burden-shifting at step five of the analysis, requiring the ALJ to identify jobs that exist in significant number in the national economy that the claimant could perform consistent with her RFC, age, education, and past work experience, does not occur if the claimant cannot proceed beyond step four. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).

Medical opinions are defined as "statements from physicians and psychologists or other acceptable medical sources[14] that reflect judgments about the nature and severity of . . . impairment(s), including . . . symptoms, diagnosis and prognosis, what [the patient] can still do despite impairment(s), and [the patient's] physical or mental restrictions." 20 C.F.R. § 416.927(a)(2). In addition to the requirement of 20 C.F.R. § 416.927(f)(2)(ii) mentioned above, 20 C.F.R. § 416.927(d)(2) requires that the ALJ "give good reasons in [his] . . . decision for the weight . . . [given to a patient's] treating source's opinion." If the ALJ does not assign weight and give good reasons for that assignment, then the court is ill-equipped to determine whether the ALJ's conclusion is substantially supported by the evidence of record. See Gordon v. Schweiker, 725 F.2w 231, 235-36 (4th Cir. 1984) ("We cannot determine if findings are supported by substantial evidence unless the Secretary explicitly indicates the weight given to all of the relevant evidence."); see also Trimble v. Barnhart, 7:04cv00711, 2006 WL 22912 at *3 (W.D. Va. Jan. 20, 2006).

If the ALJ fails to provide reasons for his weight determination, then this Court cannot and should not infer from the

---

[14] "Acceptable medical sources" are defined at 20 C.F.R. § 416.913(a) as licensed physicians; licensed or certified psychologists; licensed optometrists for measurement of visual acuity and field; licensed podiatrists for purposes of establishing impairment of foot or foot and ankle, depending on state law; and qualified speech-language pathologists for purposes of establishing speech and language impairments.

record reasons to support the ALJ's conclusion.   <u>Robinson v. Barnhart</u>, 366 F.3d 1078, 1084 (10th Cir. 2004) ("[T]he magistrate judge erred in upholding the Commissioner's decisions by supplying possible reasons for giving less weight to or rejecting the treating physician's opinion.  The ALJ's opinion should have been evaluated based solely on the reasons stated in the decision.").

## 2.  <u>The ALJ Failed to Assign Weight to Delapena's Physicians' Medical Opinions</u>

The ALJ failed to explain the weight given to the opinions of Delapena's physicians as required under the applicable regulations. In his decision, the ALJ stated that he gave "careful consideration [to] the entire record."  (R. 23).   The ALJ had before him Delapena's medical records and cites in his decision the findings of several of Delapena's physicians.   The Court considers these findings as cited to be "statements from physicians . . . that reflect judgments about the nature and severity of [Delapena's] impairments." 20 C.F.R. § 416.927(a)(2).  Accordingly, the ALJ was required, but failed, to explain the weight he gave the medical opinions cited in his decision. 20 C.F.R. § 416.927(f)(2)(ii).  In addition, Delapena's record contains references to physicians that are not mentioned by the ALJ, and the ALJ failed to assign weight to any opinions that may have been expressed by these physicians.

Because the ALJ failed to assign weight to the opinions of Delapena's physicians and failed to explain the reasons for his assignment of weight, the Court FINDS that the Commissioner's

decision was not based on substantial evidence. The Commissioner must, on remand: 1) determine, as to each physician mentioned in Delapena's medical records, whether the medical records contain a statement from that physician "that reflects judgment about the nature and severity of [Delapena's] impairment(s)"; and 2) assign weight to each such medical opinion pursuant to 20 C.F.R. § 416.927, with appropriate explanation.

### 3. <u>Standard by Which the ALJ Must Evaluate Medical Opinions</u>

The following factors must be considered to determine the appropriate weight, if any, to which a medical opinion is entitled:

> (1) the existence of an examining or treatment relationship
>
> (2) the length of treatment and frequency of examination;
>
> (3) the nature and extent of the treatment relationship;
>
> (4) the opinion's support by medical evidence;
>
> (5) the opinion's consistency with the record as a whole; and
>
> (6) the physician's specialization;

20 C.F.R. §§ 416.927(d)(1)-(5). None of these factors may be omitted or disregarded by the ALJ in weighing the value of a physician's medical opinion. <u>See</u> <u>Burch v. Apfel</u>, 9 Fed. Appx. 255, 259, 2001 WL 574634 (4th Cir. 2001) (per curiam) (stating that the ALJ "must consider" the factors set forth in 20 C.F.R. § 404.1527(d) when declining to give controlling weight to the

opinion of a treating physician); see also, Newton v. Apfel, 209 F.3d 448, 456 (5th Cir. 2000) (electing to join other federal courts in requiring ALJ to consider § 404.1527(d) factors before declining to give weight to physician's opinion and noting that ALJ should consider factors on remand); Winford v. Chater, 917 F. Supp. 398, 401 (E.D. Va. 1996) ("[I]f an ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must then consider the weight to be given to the physician's opinion by applying the . . . factors identified in the regulation . . . .") (emphasis added).   In addition, the ALJ must consider any other factors that tend to support or contradict the opinion.[15]   See 20 C.F.R. § 416.927(d)(6).

## C. The ALJ's Conclusion is Unsubstantiated Due to His Failure to Provide a Sufficient Basis for His Determination of the Credibility of Plaintiff's Allegations

The ALJ failed to make a proper credibility determination as to Delapena's complaints regarding her symptoms and their limiting effects. Specifically, Delapena claims that as a result of chronic back pain, poor memory, angina, visual difficulty, and inability to make decisions, she has been unable to work since 1996.   Pl.'s Compl. Ex. 3 at 1.

Credibility determinations are reserved to the ALJ.   See Hays

---

[15]For example, the medical source's degree of understanding of Social Security disability programs and evidentiary requirements, or the medical source's familiarity with the other information in the claimant's case.   20 C.F.R. § 416.927(d)(6).

v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); see also Craig, 76 F.3d at 589 ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ).") (quoting Walker, 834 F.2d at 640).  The Court's analysis is therefore restricted to determining whether the ALJ's decision is supported by substantial evidence and whether he employed the correct legal standard. See Craig, 76 F.3d at 589.

Where a claimant's statements about the intensity, persistence, or functionally limiting effects of her symptoms, including pain, suggest a greater degree of impairment than can be supported by the objective medical evidence alone, the ALJ must make a finding on the credibility of the claimant's statements based on the whole record. Soc. Sec. Ruling 96-7p. Where the ALJ makes a negative credibility determination, he must specify the reasons for his decision and the evidence informing it. Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985).

> It is not sufficient to make a conclusory statement that "the [claimant's] allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the [ALJ] simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be

19

> sufficiently specific to make clear to the
> [claimant] and any subsequent reviewers the
> weight that the [ALJ] gave to the [claimant]'s
> statements and the reason for that weight.

Soc. Sec. Ruling 96-7p.

In the present case, the ALJ found that Delapena's testimony was not "entirely credible" (R. 23), but the ALJ did not appropriately support his negative credibility determination and failed to properly discuss the evidence informing the decision. (R. 15-16.)

The ALJ noted the existence of Delapena's impairments and acknowledged that her "medically determinable impairments could have been reasonably expected to produce the alleged symptoms" but the ALJ was not persuaded that these impairments were debilitating to the extent alleged by Delapena. (R. 23). The ALJ specifically noted only one ground for his decision on credibility: that Delapena's symptoms appeared to abate with medication and treatment. (R. 23).

In evaluating a claimant's statements regarding pain or other symptoms, the ALJ must follow a two-step process: (1) determine whether there is objective medical evidence showing the existence of a medical impairment or impairments which could reasonably be expected to produce the pain or other symptoms alleged; and (2) if there is such evidence, evaluate the intensity and persistence of the claimant's symptoms, including pain, and the extent to which they affect her ability to work. Soc. Sec. Ruling 96-7p. In

conducting the second step of the analysis, using all available evidence, the ALJ is required to make a credibility determination as to the claimant's statements regarding the intensity, persistence, or functionally limiting effects of her symptoms whenever the claimant's statements "are not substantiated by the objective medical evidence." Soc. Sec. Ruling 96-7p; <u>see</u> <u>also</u> 20 C.F.R. § 416.929(c)(4).

The ALJ considered objective medical evidence and found that Delapena has severe impairments of angina, hypertension, degenerative disc disease, and seizure disorder. (R. 21). However, the ALJ failed to evaluate the extent to which these impairments and their symptoms affected Delapena's ability to work. Soc. Sec. Ruling 96-7p. The ALJ did not provide a sufficient basis for his conclusion that Delapena's statements regarding the intensity, persistence, or functionally limiting effects of her symptoms "are not entirely credible." (R. 23).

Accordingly, the Court FINDS that the ALJ incorrectly evaluated the credibility of Delapena's testimony and subjective complaints, and that the ALJ's credibility determination is not supported by substantial evidence.

### D. Conclusion

The Court FINDS that the ALJ's decision was not based on substantial evidence. In particular, the ALJ's failure to assign weight to Delapena's treating physicians requires this Court to

remand to the Commissioner for reexamination consistent with the foregoing recommendation.  Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984) ("the ALJ . . . [did not indicate] the weight given . . . [w]e therefore remand to the district court with . . . directions to reconsider the case and to indicate explicitly the weight accorded to various medical reports in the record."); see also, Trimble, No. 7:04cv00711 at *4 ("The ALJ's failure to indicate whether he considered [the physician's] opinion compels the conclusion that the ALJ's decision is not supported by substantial evidence.  The undersigned remands this case to the Commissioner for consideration.") (emphasis added).  Also, the ALJ's credibility determination of Delapena's testimony was not properly supported by the evidence in the record.  Accordingly, the Court recommends that the Commissioner's decision be REVERSED and the case REMANDED for rehearing pursuant to sentence four of 42 U.S.C. § 405(g).

## VI.  RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendant's Motion for Summary Judgment by DENIED, that Plaintiff's Motion for Summary Judgment seeking disability insurance benefits be DENIED in part, but that the motion be GRANTED in part to the extent of vacating and remanding the Commissioner's decision, and that the matter be REMANDED to the Commission of Social Security for further proceedings consistent with this Report and

Recommendation.

## VII. <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.  Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof.  <u>See</u> Fed. R. Civ. P. 72(b).

2.  A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

23

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

United States Magistrate Judge

Norfolk, Virginia
December 15, 2008

24

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

John Brendon Gately
2332 Croix Drive
Virginia Beach, VA 23451-1362
COUNSEL FOR PLAINTIFF

Joel E. Wilson
Office of the United States Attorney
101 W. Main Street, Suite 8000
Norfolk, Virginia 23510
COUNSEL FOR DEFENDANT

Fernando Galindo, Clerk

By: _____
Deputy Clerk

December 15, 2008

25